# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT BRIGHT,

  Plaintiff,

v.

CASE NO. 07-10380
HON. LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE R. STEVEN WHALEN

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.
_____/

## OPINION AND ORDER

### I. INTRODUCTION

  Plaintiff filed the instant case seeking a reversal of the Commissioner's denial of Social Security Disability Insurance Benefits. This matter currently comes before the Court on Magistrate Judge Whalen's Report and Recommendation of November 20, 2007, in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be granted and Defendant's Motion for Summary Judgment be denied. Neither party has responded to the Report and Recommendation. The Court has thoroughly reviewed the transcript, the respective parties' briefs in support, and the Report and Recommendation. For the reasons discussed below, the Court does not adopt Magistrate Whalen's Report and Recommendation. Both Motions for Summary Judgment are DENIED, and the matter is REMANDED for further administrative proceedings consistent with this opinion.

### II. BACKGROUND

  Plaintiff previously worked as an automotive assembly line worker and machine operator. On February 2, 2001, he allegedly suffered a workplace injury to his back. Plaintiff applied for

Disability Insurance Benefits on November 27, 2001. After the Social Security Administration denied him benefits, Plaintiff requested an administrative hearing, which was held in November 2003. Administrative Law Judge ("ALJ") Ben S. Engelman presided over the administrative hearing and ultimately concluded that Plaintiff could perform his past relevant work as an automotive assembly line worker. The Appeals Council determined that the ALJ failed to consider Plaintiff's mental health limitations and a treating physician's finding of manipulative impairments. The case was thus remanded to the ALJ who, after considering this evidence, once again determined that Plaintiff retained the ability to perform his past relevant work. The Appeals Council denied Plaintiff's appeal on December 1, 2006. Plaintiff filed suit in this Court for review of the ALJ's final decision.

## III. LEGAL STANDARD

The Court examines the ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must give "the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). In addition, it is the ALJ's responsibility to resolve conflicts in the evidence. *White v. Shalala*, No. 96-6425, 1997 U.S. App. LEXIS 13784, at *4 (6th Cir. June 6, 1997).

# IV. ANALYSIS

In his Report and Recommendation, Magistrate Judge Whalen observes several serious errors in the ALJ's denial of disability benefits. First, and arguably foremost, the ALJ's opinion states:

> Ms. Pauline McEachin, the impartial vocational expert at the prior hearing, testified that based upon the claimant's residual functional capacity, the claimant could return to his past relevant work as an assembly line worker as previously performed and as generally performed in the national economy. The undersigned finds no reason to deviate from this testimony and determines the claimant continues to retain the capacity for his past relevant work as an assembly worker.

McEachin, however, never testified at the prior hearing. In fact, the record demonstrates that the ALJ expressly declined the opportunity to question her. This aspect of the ALJ's decision, then, relies heavily on phantom testimony. Magistrate Whalen also found that the ALJ failed to consider Plaintiff's manipulative and upper extremity limitations despite the Appeals Council's mandate that he do so. Finally, Magistrate Whalen notes an internal inconsistency regarding the ALJ's discussion of a potential sit/stand limitation. Although the ALJ found that Plaintiff could perform "work activity that allows for the opportunity to alternate between sitting and standing positions at will," Plaintiff testified that his prior work often required him to stand for the duration of his shift.

These errors, taken together, prevent this Court from granting any deference to the ALJ's denial of disability benefits. The question remains whether a remand for an award of benefits or for further proceedings is appropriate. A remand for an award of benefits is appropriate when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Moreover, "a judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."

*Id.* In considering the appropriateness of a remand to award benefits, the Court also considers any prior opportunities the Commissioner had to correct the administrative record but failed to do so. *See Donahue v. Halter*, 166 F. Supp. 2d 1143, 1150–51 (E.D. Mich. 2001). In *Donahue v. Halter*, the court remanded the plaintiff's case for an award of benefits in large part because the Commissioner failed to correct the administrative record over a span of several years. In that case, however, the court found that plaintiff's "work hardening program records demonstrate his hard efforts and strong motivation to return to work." *Id.* at 1150. The *Donahue* court also determined that "Plaintiff has established a prima facie case of entitlement, and the Commissioner has failed to show good cause for failure to adduce relevant evidence to deny Plaintiff benefits on two occasions." *Id.* In contrast, this Plaintiff has not established a prima facie case of entitlement to benefits. In light of the ALJ's errors and the lack of overwhelming evidence on behalf of Plaintiff, the Court's only course of action is to remand this case for further administrative proceedings to determine whether Plaintiff is entitled to disability benefits after remedying the errors in the ALJ's initial decision.

## V.  CONCLUSION

Both parties' Motions for Summary Judgment are DENIED. The case is REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  January 3, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 3, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290